UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SALLY DONADIO,

                    Plaintiff,

        - against-

VELIS ASSOCIATES, INC., and
GLENN MASTROBERTI,

                 Defendants.
----------------------------------------------------------X

**FILED**
**CLERK**

3:10 pm, Sep 24, 2019

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER Adopting**
**Report & Recommendation**
18-cv-6708 (SJF)(GRB)

FEUERSTEIN, District Judge:

I.    <u>Introduction</u>

        Plaintiff Sally Donadio ("Plaintiff") commenced this this employment discrimination action pursuant to the Americans with Disabilities Act ("ADA") and New York State Human Rights Law ("NYSHRL") against Defendants Velis Associates, Inc. (hereafter, the "Company") and Glenn Mastroberti (hereafter, "Manager"; together with Company, the "Defendants"), asserting claims of disability discrimination, as well as aider and abettor liability under NYSHRL (hereafter, the "Action"). (*See* Complaint (ECF No. 1).) In response and pursuant to Rule 12(b)(6), Defendants moved to dismiss the Action in its entirety with prejudice (hereafter, the "Dismissal Motion") (*see* ECF No. 14), which the Plaintiff opposed (hereafter, the "Opposition" or "Opp'n") (*see* ECF No. 15-4). The Motion was referred to Magistrate Gary R. Brown. (*See* Apr. 12, 2019 Electronic Referral Order.)

        On July 18, 2019, Magistrate Judge Brown delivered his Report and Recommendation ("the Report") from the bench (*see* Electronic Report and Recommendation, filed July 18, 2019 (hereafter, the "Electronic R&R")); *see also* Report Tr. (ECF No. 24)), recommending that

Defendant's Dismissal Motion be "granted on the sole ground of the failure to allege and/or attach in the [C]omplaint, the EEOC right to sue letter" (Report Tr., 17:23-25; *see also* Electronic R&R), and "that [P]laintiff be given 30 days to amend her complaint." (*Id.*, 18:1-2; *see also* Electronic R&R.) The Electronic R&R further advised the parties, *inter alia*, that "[a]ny written objections to th[e] Report . . . must be filed with the Clerk of the Court within fourteen (14) days of service of this [R]eport." (Electronic R&R .) On July 19, 2019, Defendants filed their objection to the Report (hereafter, "Objection"). (*See* ECF No. 25.) Plaintiff did not file any response (*see* Case Docket, *in toto*), but rather, on August 15, 2019, filed a First Amended Complaint (hereafter, "FAC"). (*See* ECF No. 28.) For the reasons that follow, the Court adopts the recommendations made in the Report.

II.  Background

A.  *Plaintiff's Complaint*[1]

Plaintiff commenced this action against Defendants asserting discrimination under the ADA based upon her prior breast cancer, which was in remission and which "predisposed [her] to future cancerous instances because of her prior diagnosis." (*See* Complaint, ¶¶ 3, 4, 14.) She alleged that after working for the Defendants for approximately a month as an administrative assistant, "she began experiencing signs of uterine cancer." (*See id.*, ¶¶12, 14.) As a consequence, "Plaintiff needed several examinations as follow-up including a biopsy, . . . require[ing] occasional partial day time off." (*Id.*, ¶15.) After notifying the Defendants in late July 2017 of her need for time off, explaining the reason for same, "Defendants began creating a

---

1  For purposes of considering this Report on the Dismissal Motion, the Court accepts the factual allegations set forth in the Complaint as true and draws all reasonable inferences in favor of Plaintiff. *See, e.g., Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005).

hostile work environment, becoming unfriendly and unwelcoming." (*Id.*, ¶19.) For example, the day after informing Manager of her need to take time off for pre-surgery testing and an outpatient procedure, Plaintiff was called to a meeting with Manager and his secretary; they asked her whether there was "something wrong in the office?' [to which she] explained that her demeanor was because of her health issues." (*Id.*, ¶¶20-21.) Manager responded that, while he knew Plaintiff had "health issues", he could not "have that negativity" around a new employee. (*Id.*, ¶21.) Plaintiff alleges that a few days thereafter, Manager "attempted to provoke [her] into an argument" by accusing her of leaving a mess in the Company kitchen. (*Id.*, ¶22.) She further alleges that, a few days later, she was assigned to process two weeks worth of work in a one-week period, thereby challenging her physical endurance; however, she was able to complete that work assignment, which demonstrated she was qualified for her position. (*See id.*, ¶23.) Two days later, at a meeting with Manager and his secretary, Manager informed Plaintiff: "[W]e have to let you go." (*Id.*, ¶24.) Having always completed her work assignments, Plaintiff was surprised by this news, prompting her to ask "if it was her recent recurrence of cancer and occasional part time absence to treat it" that was the reason for her termination. (*Id.*) Manager "did not deny [Plaintiff]'s assertion and responded[,] 'It is just not working out'." (*Id.*)

    *B. Defendants' Opposition*

Defendants moved to dismiss the Complaint with prejudice, raising three arguments: substantively, that Plaintiff did not alleged she has a disability or any type of major life activity limitation, thereby condemning her ADA discrimination claim (*see* Dismissal Motion at 3-5); procedurally, that Plaintiff "failed to provide evidence that she has exhausted her administrative remedies by failing to attach a Right to Sue letter from the EEOC" (*id.* at 5-6); and, that if Plaintiff's federal claims are dismissed, the Court should decline to exercise supplemental jurisdiction over her state law claims (*see id.* at 6-7).

Plaintiff did not file an amended complaint in response to the Dismissal Motion; instead, she filed her Opposition, arguing that: the 2008 amendments to the ADA expanded the "applicable definition of disability for the purposes of litigation" (Opposition (ECF No. 15-4) at 3); Defendants' arguments are premised upon inapplicable, pre-amendment law (*see id.* at 4); and, her pleadings are sufficient pursuant to the 2008 ADA amendments (*see id.*). Plaintiff further argued that: she filed her EEOC charge and received a right-to-sue letter (hereafter, "Letter"), which Defendants also received from the EEOC and which she attached as an exhibit to her Opposition (*see id.* at 5 (citing Ex. A)); Plaintiff's counsel provided the Company's human resource department with another copy of the Letter (*see id.* (citing Ex. B)); and "hours before defense counsel filed th[e Dismissal Motion], Plaintiff's counsel emailed a copy of the [Letter] to defense counsel, as [D]efendants' third receipt of the [Letter]." (*Id.* (citing Ex. C).) Thus, Defendants "had prior notice that the required administrative proceedings had already taken place." (*Id.*) Plaintiff did not address Defendants' state law claim argument; nor did she request to amend her Complaint. (*See* Opp'n, *in toto*.)

III.    The Report and the Responses

*A.  Magistrate Judge Brown's Report*

On July 18, 2019, Magistrate Judge Brown held a hearing on Defendants' Dismissal Motion. (*See* Electronic R&R; *see also* Report Tr., 1.) Defendants' counsel argued in favor of granting dismiss with prejudice "because the [P]laintiff failed to allege a medical condition that even qualifies as a disability." (Report Tr., 5:11-13; *see also id.* at 6:2-5.) Notably, Defendants' counsel stated that if the Court was inclined to dismiss without prejudice, permitting the Plaintiff to amend her Complaint to attach the Letter "and otherwise amend," he would withdraw his procedural argument, focusing exclusively on his substantive argument, *i.e.*, Plaintiff cannot make out that she is disabled which affects a major life activity. (*See id.* at

4

6:24-7:4, 7:14-17.)   Defendants' counsel also articulated objections to Plaintiff being able to amend her Complaint, *to wit*, she did not amend the Complaint in response to the Dismissal Motion being filed, and she did not cross-move to amend her Complaint.   (*See id.* at 7:20-25; *see also id.* at 8:1-9; 15:21-16:3.)

While there was a colloquy between the Court and Defendants' counsel whether the Court could infer from Plaintiff's Complaint that she was perceived to have a health issue that was interfering with a major life activity (*see id.* at 10:8-13:1, 10-22), in his report, the Magistrate Judge informed the parties that he was basing his recommendation on what he viewed to be the threshold issue, *i.e.*, whether Plaintiff had demonstrated that she had exhausted her administrative remedies.   (*See id.* at 13:3-5.)   Accordingly, stating "[i]t is absolutely black letter law that . . . the EEOC right to sue letter is statutory prerequisite to suit" (*id.* at 16:15-16), and citing to *Gray v. Promenade Rehab. & Care Ctr.*, 145 F. App'x 705, 706-07 (2d Cir. Octo. 13, 2005),2 *Hall v. Jewish Home & Hosp.*, No. 16-cv-9881, 2017 WL 5665660, at *4 (S.D.N.Y. Nov. 15, 2017), and *Pearson v. Renaissance Hotel Albany*, No. 1:17-cv-1189, 2018 WL 2684098, at *2 (N.D.N.Y. June 1, 2018), Magistrate Judge Brown "firm[ly] recommend[ed] that the [Dismissal Motion] be granted on the sole ground of the failure to allege and/or attach in the [C]omplaint, the EEOC right to sue letter" (*id.* at 17:22-25), and that Plaintiff be provided a short opportunity to amend her Compliant (*see id.* 18:1-3).   He refrained from making any further recommendation on the Dismissal Motion, because he did not have the benefit of a proposed amended complaint to consider.   (*See id.* at 18:2-5.)

_____

2  Magistrate Judge Brown recognized that *Gray* was not "exactly on point" because, there, the plaintiff's case was dismissed with prejudice after the court provided her with an opportunity to amend her complaint, but she did nothing and failed to articulate any reason for her inaction. (*See* Record Tr.16:21-25.)

*B. Defendants' Objection*

The essence of the Defendants' objection to the Report is that Magistrate Judge Brown "ruled solely on Defendants' secondary, procedural argument, which was that the Plaintiff's Complaint is deficient because she failed to attach or even reference her EEOC right to sue notice." (Objection at 2.) Reiterating that Plaintiff already had opportunities to amend her Complaint but, did not do so (*see id.*), Defendants contend that, nonetheless, "Magistrate [Judge] Brown gave Plaintiff a chance to do so anyway, without ruling on the substance." (*Id.*) Therefore, "Defendants object to this [Report] because Magistrate [Judge] Brown should have focused and ruled on the substantive argument, and had he done so, he would have dismissed the case, **with prejudice**." (*Id.* (emphasis in original).) They infer error in Magistrate Judge Brown's recommendation, stating: "Magistrate [Judge] Brown did not rule on the substantive argument, explicitly stating that he would not rule on it, even after Defendants' counsel stated on the record that he would withdraw the procedural (EEOC) argument." (*Id.*) Defendants offer no law in support of their conclusory, general objection.

Instead, Defendants ask this Court to rule on their substantive argument and dismiss the Complaint with prejudice. (*See id.* at 3.) The balance of their Objection presents, again, their substantive argument that Plaintiff has not adequately pled an ADA discrimination cause of action because she does not have a qualifying medical condition under the ADA (*see id.* at 5-8), and she is not substantially limited in performing a major life activity (*see id.* at 8-10), and repeats their request that the Court decline supplemental jurisdiction over Plaintiff's state law claim (*see id.* at 10).

*C. Plaintiff's First Amended Complaint*

Instead of responding to Defendants' Objection, and within thirty (30) days of the issuance of the Report, Plaintiff filed her First Amended Complaint ("FAC"); it conspicuously

includes an allegation that "Plaintiff filed her Charge for discrimination with the Equal Employment Opportunity Commission on December 13, 2017, and was granted right to sue by the EEOC on September 10, 2018." (FAC, ¶2 (citing Annex A (Notice of Right to Sue Letter), *attached to* the FAC).)

IV. Applicable Standards

A. *Report and Recommendation Standard of Review*

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo. See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, "if a party 'makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" *Sibley v. Choice Hotels Intern., Inc.*, 304 F.R.D. 125, 129 (E.D.N.Y. 2015)(quoting *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008)); *see also Butto v. Collecto, Inc*., 290 F.R.D. 372, 379 (E.D.N.Y.2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."); *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) (same). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985). Indeed, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further

judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C.§ 636(b)(1); Fed. R. Civ. P.72(b).

   B. *Motion to Dismiss and EEOC Right-to-Sue Letters*

   To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (20007)); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119-20 (2d Cir. 2010)(discussing the *Iqbal/Twombly* pleading standard, which does not apply any "heightened" pleading standard, but does require "factual amplification [where] needed to render a claim plausible")(quoting *Turkmen v. Ashcfroft*, 589 F.3d 542, 546 (2d Cir. 2009); further citation omitted). Thus, facial plausibility is established by pleading factual content sufficient to allow a court to reasonably infer a defendant's liability. *See Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "formulaic recitation of the elements of a cause of action" sufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Further, in deciding a Rule 12(b)(6) dismissal motion, a court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor or the Plaintiff. *See Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011).

Moreover, where an individual brings an ADA discrimination claim in federal court, she may do so "only after filing a timely charge with the EEOC . . . and obtaining a notice of right to sue letter from the EEOC." *Alarcon v. Nassau County Parks*, No. 12-cv-5922, 2013 WL 685891, at *1 (E.D.N.Y. Feb. 24, 2013)(citing *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001); further citations omitted); *see also Joseph v. Am. Works, Inc.*, No. 01-cv-8287, 2002 WL 1033833, at *5 (S.D.N.Y. May 21, 2002)(stating claimant must exhaust administrative remedies before bringing ADA claim in federal court). Absent a showing of an equitable reason to waive the ADA's statutory prerequisite of administrative exhaustion, where no EEOC right-to-sue letter is filed with a federal compliant, dismissal of said complaint is warranted. *See Chiari N.Y. Racing Ass'n, Inc.*, 972 F. Supp.2d 346, 362 (E.D.N.Y. 2013); *see also Pearson v. Renaissance Hotel Albany*, No. 1:17-cv-1189, 2017 WL 8751935, at *3 (N.D.N.Y. Nov. 15, 2017)(recommending dismissal of complaint where plaintiff failed to include EEOC right-to-sue letter), *adopted by* 2018 WL 1631306 (N.D.N.Y. Apr. 2, 2018).

C. *Motion to Amend*

"As a general rule, leave to amend a complaint should be freely granted." *Nesheiwat v. City of Poughkeepsie, N.Y.*, No.11-cv-7072, 2013 WL 620267, at *5 (citing *Jin v. Metro. Life Ins., Co.*, 310 F.3d 84, 101 (2d Cir. 2002)); *see also* Fed. R. Civ. P. 15(a)(2)("The court should freely give leave when justice so requires."). It is well-settled that "[a] district court has broad discretion in determining whether to grant leave to amend," and such determinations are reviewed for abuse of discretion. *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000)(collecting cases); *see also Pasternack v. Lab. Corp. of Am.*, 892 F. Supp.2d 540, 549 (S.D.N.Y. 2012); *Nesheiwat*, 2013 WL 620267, at *5 (same).

9

> Where a plaintiff has neither requested leave to amend, nor
> indicated additional facts that would be added to the complaint, a
> court is not required to grant leave to amend *sua sponte*. *See
> Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.,*
> 351 F[]. App'x 472, 474 (2d Cir. 2009) ("Given that [the plaintiff]
> did not move for leave to replead in opposition to [the defendant's]
> motion to dismiss his original complaint with prejudice, the district
> court did not abuse its discretion by failing to grant him, *sua
> sponte,* leave to replead."); *Horoshko v. Citibank, N.A.,* 373 F.3d
> 248, 249 (2d Cir. 2004) (finding that the district court "was under
> no obligation to provide [the plaintiffs] with leave to amend their
> complaint, much less provide such leave *sua sponte* where they
> neither requested leave to amend, nor indicated additional facts
> that might lead to a different result). *Nevertheless, "where the
> possibility exists that the defect can be cured, leave to amend at
> least once should normally be granted unless doing so would
> prejudice the defendant." Laborers Local 17 Health & Ben. Fund
> v. Philip Morris, Inc.,* 26 F. Supp.2d 593, 605 (S.D.N.Y. 1998)
> (citing *Oliver Schools, Inc. v. Foley,* 930 F.2d 248, 253 (2d Cir.
> 1991)).

*Dynamic Worldwide Logistics, Inc. v. Exclusive Expressions, LLC*, No. 14-cv-1370, 2015 WL

5439217, at *4 (S.D.N.Y. Sept. 14, 2015)(emphasis added).

V.     Review of the Report

As stated, *supra*, Defendants' objection to the Report is based upon their dissatisfaction

with Magistrate Judge Brown recommending Plaintiff's Complaint be dismissed without

prejudice to amend, especially since she did not request that relief despite several opportunities

to do so.   (*See* Objection at 2.)   The Court finds the objection to be general and conclusory

since the Defendants: do not dispute that Magistrate Judge Brown's legal conclusion regarding

the attaching and/or alleging the receipt of an EEOC right-to-sue Letter is a prerequisite to

commencing a federal action claiming ADA discrimination; do not argue that recommending

Plaintiff be given the opportunity to amend her Complaint is an abuse of discretion; and fail to

cite any case law in support of their objection.   (*See id.* at 2-3.)   Where such an objection is

made, the Report is subject to review for clear error.   *See Butto*, 290 F.R.D. at 379.   However, Defendants point to none; nor does the Court find any.

It is well within the Court's discretion to allow Plaintiff to amend her Complaint. Indeed, since Defendants were aware that Plaintiff received a right-to-sue Letter, having themselves received a copy of the Letter three different times (*see* Opp'n at 5), the possibility of Plaintiff curing her procedural defect exists.   *See, e.g., Dynamic Worldwide*, 2015 WL 5439217, at *4 (quoting *Laborers Local 17,* 26 F. Supp.2d at 605).   Further, this will be the first instance Plaintiff is being provided with an opportunity to amend, which is still relatively early in this Action, thereby assuaging any concern of prejudice to Defendants.   *See, e.g., Guary*, 235 F.3d at 801 (stating it is not an abuse of discretion for a court to allow leave to amend even if not formally requested)(citing *McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992); *Oliver Schs., Inc. v. Foley*, 930 F.2d 248, 252-53 (2d Cir. 1991)); *see also Dynamic Worldwide*, 2015 WL 5439217, at *4.   Thus, Defendants' objection is unavailing and overruled.   Rather, after a careful review of the Report and finding no plain error in either its reasoning or conclusions, the Court adopts it in its entirety.

VI.   Conclusion

Accordingly, having adopted the Report in its entirety, IT IS HEREBY ORDERED:

A.   The Dismissal Motion is GRANTED without prejudice to Plaintiff filing her First Amended Complaint;

B.   The First Amended Complaint, having already been filed (*see* ECF No. 28), is deemed the operative complaint in this Action; and

C.   Defendants shall have twenty-one (21) days from the issuance of this Order to file their answer or otherwise respond to the First Amended Complaint.

11

* * *

The October 3rd, 2019 Status Conference is adjourned to December 3, 2019 at 11:15 a.m. and will be held in Courtroom 1010 of the Central Islip Federal Courthouse.

SO ORDERED this 24th day of September 2019 at Central Islip, New York.

/s/ *Sandra J. Feuerstein*

Sandra J. Feuerstein
United States District Judge